MARY LUNDY, WIDOW OF PATRICK LUNDY, DECEASED, RESPONDENT, v. GEORGE BROWN & COMPANY, A COR-PORATION, PROSECUTOR.

Argued November 6, 1918—Decided March 18, 1919.

Where, in a workman's compensation case, an inference may properly be drawn from the evidence that the nature of the decedent's injuries was of such seriousness as to greatly impoverish his system and predispose it to an infection of tuberculosis, of which there was not the slightest indication before the injury, and from which he died, a finding that decedent died as the result of such injuries will not be disturbed.

On *certiorari.*

Before Justices BERGEN, KALISCH and BLACK.

For the prosecutor, *M. Casewell Heine.*

For the respondent, *Edward M. Colie* and *Runyon Colie.*

The opinion of the court was delivered by

KALISCH, J. The single question presented here is whether there was any evidence in the case on review justifying the court below to make a finding that the death of petitioner's decedent was the result of injuries received by him in an accident admitted to have arisen out of and in the course of his employment.

The prosecutor's contention is that there was no such evidence.

The petitioner's husband was injured on December 19th, 1916. He died on February 21st, 1918, about fourteen months after the accident. On December 18th, 1917, Patrick Lundy, the petitioner's decedent, had filed his petition for compensation, to which the prosecutor, on February 6th, 1918, filed its answer. Before the day set for the hearing Lundy died. On May 15th, 1918, Mary Lundy, his widow,

filed her petition setting forth that the estate of Patrick Lundy was entitled to compensation from September 17th, 1917, to February 21st, 1918, the date of his death for his disability during that period as the result of said accident. The petitioner further prayed for compensation for the death of her husband as a result of the accident, according to the fixed schedule of compensation in such cases, and for an allowance of $100 for funeral expenses. To this petition the prosecutor filed its answer on May 15th, 1918, in which it denied that the death of petitioner's decedent was caused by any accident arising out of and in the course of his employment. Subsequently, by consent in writing of the prosecutor's attorney, an order was entered that the petitioner be admitted as a party petitioner, she having been appointed administratrix of the estate of her husband on August 5th, 1918.

The prosecutor's sole contention in the court below was, and now reiterated here is, as follows: "Mr. Heine—My contention is that the death was due to a rheumatic cardiac disease, which had a secondary or contributing cause in rheumatism. That the cause of death was from a disease in no way connected with the traumatism received as a result in any way from the accident. That is the question whether the death resulted in any way from the accident."

On that branch of the inquiry the court below found that as a result of the accident the petitioner's decedent "sustained serious injuries, among other things, a fracture of most of the ribs on the left side of his body, and that as the result of said injuries received in said accident he died on February 21st, 1918."

It is this finding which counsel of prosecutor contends is not supported by any evidence.

Of course, if the testimony or circumstances adduced do not fairly give rise to a reasonable inference that the death of the decedent was attributable to the injuries he received in the accident, then the award made by the court below on that finding must be reversed.

We think there was evidence which fully justified the finding of the court below on the mooted inquiry. It is true that the medical testimony in the case is in sharp conflict on the question whether the decedent died as a result of his injuries, or from an entirely independent cause. It is not all surprising to find opinions of medical experts, on the opposite sides of a case, in disagreement on the matter. It was not essential to the petitioner's right to a recovery that she should have established that the fractured ribs were the proximate cause of death. If the injuries were the producing cause the proof of that fact is sufficient.

On behalf of the petitioner it was shown that her husband, up to the time of the accident, was a strong, healthy man; that by the accident nearly all his ribs on his left side were fractured; that though the injured ribs united, the deceased never recovered from the effects of his injury; he became broken down in his general health and went into a steady decline. From December 19th, 1916, the date of his injury, until September 17th, 1917, he gradually grew weaker, but, at that time, owing to the refusal of further payment to him by the prosecutor, for temporary disability, the decedent was necessitated to seek employment, and after working from October, 1917, until January 1st, 1918, he was compelled to relinquish work by reason of his physical inability to continue and died six weeks thereafter. The petitioner produced a physician who testified that the deceased came to him in October, 1917, and remained under his medical care until January, 1918, and that in his opinion the cause of decedent's death was general tuberculosis—that is, a condition of the disease which affected the entire system without being localized.

This testimony was controverted by the physicians who testified on behalf of the prosecutor that the cause of death of the decedent was not attributable to an injury, but was due to heart disease, a not unusual result of rheumatism.

We think, however, an inference may be properly drawn from the evidence in the cause, that the nature of the dece-

dent's injuries was of such seriousness as to greatly impoverish his system and predispose it to an infection of tuberculosis, of which there was not the slightest indication before the injury. For, according to the testimony, the decedent, before he was injured, was a man in full health and vigor, and immediately after he began to fail and grow weaker, from day to day, without any other apparent cause than from the injuries sustained by him; and if the cause of his death was tuberculosis, general in its character, and which culminated in death in a little over a year, it is difficult to escape the conclusion that the cause of death was an incident resulting from the accident.

And even if we adopted the theory of the prosecutor's counsel that heart disease caused the decedent's death, we are still confronted with the situation that a strong, vigorous, hard-working man without any indication of heart disease develops that trouble after a serious injury, as appears in this case, and, therefore, it seems to us, that there is a permissible inference that if heart disease was the proximate cause of the decedent's death, it was superinduced by the injury.

While, concededly, the time which elapsed between the date of injury and date of death was sufficiently long for the decedent to have developed or contracted some fatal disease from a wholly independent cause, still, in view of the circumstantial evidence tending to establish an unbroken continuity of physical degeneration of the former vigorous constitution of the decedent, immediately following the injury to the day of his death, we cannot properly say that there was no evidence on which the court could make a finding that the death of the deceased was due to the accident.

The judgment is affirmed, with costs.