KRUEGER v. HAYES MANUFACTURING CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—AWARD OF INDUSTRIAL ACCIDENT BOARD—CONCLUSIVENESS—CERTIORARI —REVIEW.

> On certiorari to review an award of the industrial accident board under the workmen's compensation act, the Supreme Court may not weigh the evidence, or pass upon the preponderance, and may only set aside the award when the record contains no testimony to facts or theory amounting to legal evidence that death was attributable to the accident.

2. SAME—CAUSE OF DEATH—EVIDENCE.

> Although two physicians testified that by a *post mortem* they found that death was caused by a thrombus, or blood clot, at the mouth of the left coronary artery of the heart, and that in their opinion an injury to decedent's leg in no way contributed thereto, where another physician testified that in his opinion the "accident contributed or resulted in the man's death," that bacteria from the infection in the wound might have produced the condition revealed, it cannot be said that there was no testimony sustaining the finding of the board that the accidental injury to decedent's leg was the cause of his death.

Certiorari to Industrial Accident Board. Submitted January 21, 1921. (Docket No. 90.) Decided March 30, 1921.

Eleanor Krueger and another presented their claim for compensation against the Hayes Manufacturing Company for the accidental death of plaintiffs' decedent in defendant's employ. From an order awarding compensation, defendant and the Michigan Mutual Liability Company, insurer, bring certiorari. Affirmed.

*Beaumont, Smith & Harris* (*Hal. H. Smith* and *Albert E. Meder*, of counsel), for appellants.

*E. Dean Alexander*, for appellees.

On recovery for infection under workmen's compensation act, see note in L. R. A. 1918F, 876.

SHARPE, J.  Ludwig Krueger, while in the employ of the Hayes Manufacturing Company as a sweeper, on October 25, 1919, sustained an injury by an automobile seat slipping off a truck and striking him on the right leg between the knee and the ankle.  A severe bruise resulted.  He was taken to a hospital, where his wound was dressed, and afterwards to his home.  On November 7th the wound became infected and he was removed to a hospital, where he remained until November 18th.  He was then able to walk with the aid of others.  His wife and daughters testified that on the second or third day after his return he again began to complain of pain and soreness, and this continued.  The wound "looked worse, * * * more inflamed, * * * awful dark red," and began to discharge matter of a "whitish" color, streaked with blood.  His condition grew worse until the morning of November 24th, when he died.  A short time before his death, he complained much of the pain in his leg and said that it was "crawling up to his chest."

A *post mortem* was held by Dr. Morse.  He testified that he found a thrombus, or blood clot, at the mouth of the left coronary artery of the heart, which in his opinion was the cause of death, and that the injury in no way contributed to it.  Dr. Martin, who was present, was of the same opinion.  Dr. Charles S. Kennedy was called as an expert by the applicants.  In answer to a hypothetical question fairly embodying the facts as testified to by the witnesses for plaintiffs, he stated that in his opinion the "accident contributed or resulted in the man's death."  He testified that bacteria from the infection might have gotten into the artery and produced the condition revealed by the *post mortem*.  The industrial accident board, to whom the matter was presented, filed a lengthy opinion reviewing the testimony and concluded that the accidental injury was the proximate cause of death.  The allow-

ance made by it pursuant to such finding is now before us for review.

Defendants' counsel contend that—

"There is no competent testimony in the record, nor can a reasonable and fair inference be drawn that the injury was the proximate cause of death."

It will serve no useful purpose to set out at greater length the evidence on which the board based its finding. In *Randolph* v. *Railway, ante,* 100, this court declined to accept the testimony of physicians and surgeons as conclusive as to the cause of death when there was competent evidence to sustain a different finding. Let us here apply the test suggested in the *Randolph Case:* Can it be said that the testimony, including that of Dr. Kennedy, tending to support plaintiffs' claim that death was due to the injury, was not sufficient to justify the finding made? We think not. The testimony of the surgeons may seem convincing to us, but we are not at liberty to weigh it or pass upon the preponderance. As was said in *Ortner* v. *Zenith Carburetor Co.,* 207 Mich. 610, we may only set aside the award when the record contains "no testimony to facts or theory amounting to legal evidence" that death is attributable to the accident.

The award is affirmed, with costs to plaintiffs.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.