[No. 16405. Department One. July 28, 1921.]

MRS. FRED ANDERSON, *Respondent*, v. INDUSTRIAL INSURANCE COMMISSION, *Appellant*.[1]

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION—PROXIMATE CAUSE OF DEATH—EVIDENCE—SUFFICIENCY. A widow is entitled to compensation under the workmen's compensation act, where a cut in the foot received by a workman in an extra-hazardous occupation bled profusely, leaving him in a weakened and fainting condition, and after removal to his home, twelve miles distant, in cold and inclement weather, pneumonia developed from which he died; the imprudence of the deceased in exposing himself to the weather in his weakened condition not barring her right, if the axe wound was the proximate cause which directly set in motion a train of events resulting in death (MACKINTOSH, J., dissents).

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered November 5, 1920, upon findings in favor of the plaintiff, reversing an order of the industrial insurance commission denying a claim for compensation. Affirmed.

*The Attorney General* and *John H. Dunbar, Assistant,* for appellant.

*J. M. Phillips* and *John C. Hogan,* for respondent.

FULLERTON, J.—On December 6, 1919, one Fred Anderson, while engaged in an extra-hazardous occupation, received a cut in the foot from an axe. Immediately after the injury, he was taken to a bunk house located near the place of the accident, where he received first aid. The wound bled somewhat profusely before the bleeding was finally checked, leaving him in a weakened and fainting condition. After the wound was dressed he was placed in bed, but, complaining

[1]Reported in 199 Pac. 747.

of the cold, he was taken to a stove in the bunk house, where a hot fire was burning. The accident happened at about ten o'clock in the morning, and later in the day, possibly about the middle of the afternoon, he desired to be taken to his home, some twelve miles distant. An automobile was called which could not approach the camp nearer than about one mile, and this distance he was compelled to walk. The weather was cold and otherwise inclement at the time, and Mr. Anderson was exposed to it until he arrived at his home at about seven o'clock in the evening. Shortly thereafter his wound was again dressed. At this time he again complained of being cold, and on the same evening had a chill. Two days later he developed a case of lobar pneumonia. His illness immediately became severe, and he died from its effect on December 28, 1919.

After the death of Mr. Anderson, his widow, the present respondent, made application to the industrial insurance commission for compensation. The commission rejected her application, basing its rejection upon the ground that the injury to the foot was not the proximate cause of Mr. Anderson's death. From the order of the board, the respondent appealed to the superior court of Grays Harbor county, and that court reversed the commission's order, directing that her claims be allowed. From the judgment of the superior court, the commission appeals to this court.

There is but little conflict in the evidence. The medical witnesses testify that the axe wound of itself would not cause pneumonia, yet all agree that the wound and the resultant weakened condition of Mr. Anderson rendered him much more susceptible to the disease than he otherwise would have been had he maintained his ordinary robust health. All of them testify moreover, that it was not beyond probability

that he acquired pneumonia from his exposure to the weather because of his weakened condition, and some of them testify that it was highly probable that he did do so.

There is, of course, no question of contributory negligence or fault involved. The workmen's compensation act allows compensation regardless of questions of fault, and the fact that Mr. Anderson may have been imprudent in exposing himself to the weather in his weakened condition does not militate against the right of his widow to compensation for his death. Nor is it necessary that the axe wound should have been of itself the cause of the death. It is sufficient if it was the proximate cause—the cause which directly set in motion the train of events which brought about the death.

In our opinion, the evidence justifies this conclusion, and the judgment of the superior court will stand affirmed.

PARKER, C. J., HOLCOMB, and BRIDGES, JJ., concur.
MACKINTOSH, J., dissents.