WAITE *v*. FISHER BODY CORPORATION.

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — DEATH FROM PNEUMONIA ACCIDENTAL WHERE VITALITY LOWERED BY INJURY.

> In proceedings by dependents for compensation for the death of an employee under the workmen's compensation act, where deceased, in the course of his employment, sustained an injury to his toe, but his death was caused by lobar pneumonia, testimony by a physician that the injury to deceased's toe would so weaken his constitution as to render him more susceptible to pneumonia, *held*, sufficient to sustain an award to plaintiffs; it being unnecessary to show that infection from the toe was the inciting cause of the pneumonia.

Certiorari to Department of Labor and Industry. Submitted October 5, 1923.   (Docket No. 48.)   Decided December 19, 1923.

Emma Waite and others presented their claim for compensation against the Fisher Body Corporation for the accidental death of their decedent in defendant's employ.   From an order awarding compensation defendant and the Employers' Liability Assurance Corporation, insurer, bring certiorari.   Affirmed.

*Frederick T. Witmire*, for appellants.

*John W. L. Hicks*, for appellees.

WIEST, C. J.   Joseph Waite, 59 years of age, was in the employ of the Fisher Body Corporation.   On January 10, 1922, while about his work, an iron bar fell upon and severely bruised the little toe of his right foot.   The injury was painful and he was given treatment but his toe and some distance back of it remained discolored and swollen until his death about two

On necessity and sufficiency of evidence that pneumonia contracted by applicant for compensation is attributable to his employment, see note in 20 A. L. R. 66.

months later.    Following the accident he did not work
for two weeks and then worked intermittently to
February 23d, and on March 6, 1922, died of lobar
pneumonia.   His work at the factory was near an out-
side door and windows which were open a part of the
time and the weather was cold and he worked in a
draft.    His dependents laid claim to compensation,
asserting the injury to his toe superinduced pneumonia
and was, therefore, the proximate cause of his death.
An award by the board is here reviewed by certiorari.

The turning question is whether there was evidence
in support of the finding that the injury and not lobar
pneumonia was the proximate cause of Mr. Waite's
death.   Defendants say the injury to the toe, there
having been no breaking of the skin, could not have
caused or contributed toward lobar pneumonia.    It
is said lobar pneumonia is a germ disease, and to con-
nect an injury to the toe with the disease of the lungs
would require an infection traveling from the injury
and, it is claimed, this could not happen because there
could be no infection in the absence of an opening of
the flesh to the air.    If the lobar pneumonia causing
Mr. Waite's death was traced, by evidence, to the toe
injury then such injury was the proximate cause of
his death and pneumonia was not an independent
cause.

It is not necessary in this opinion to determine
whether the germ of lobar pneumonia was incited to
activity by infection of the injury to the toe.    To
support the finding of the board we need call attention
to the testimony of but one medical expert wit-
ness.    There was laid before Dr. G. R. Young, by way
of hypothetical question, all the salient facts and he
testified that the injury to the toe would run the con-
stitution down in such a way and manner as to con-
tribute to pneumonia.    Some of the other experts
radically disagreed with this view but of this we can
take no cognizance for we are not triers of facts nor

weighers of evidence in this kind of a case. The experts seemed quite agreed that if the injury to the toe lessened Mr. Waite's physical powers of resistance he would be more susceptible to pneumonia.

In *Anderson* v. *Industrial Insurance Commission,* 116 Wash. 421 (199 Pac. 747), a workman cut his foot with an axe; loss of blood weakened him; the wound was dressed; he walked about a mile to an automobile; was taken about 12 miles to his home in cold and inclement weather; in the evening had a chill and two days later developed lobar pneumonia and died from its effects 22 days after his injury. The commission refused compensation upon the ground that the injury to the foot was not the proximate cause of death. In affirming the judgment of the superior court reversing the order of the commission the supreme court stated:

"The medical witnesses testify that the axe wound of itself would not cause pneumonia, yet all agree that the wound and the resultant weakened condition of Mr. Anderson rendered him much more susceptible to the disease than he otherwise would have been had he maintained his ordinary robust health. All of them testify, moreover, that it was not beyond probability that he acquired pneumonia from his exposure to the weather because of his weakened condition, and some of them testify that it was highly probable that he did so. * * * Nor is it necessary that the axe wound should have been of itself the cause of the death. It is sufficient if it was the proximate cause—the cause which directly set in motion the train of events which brought about the death."

We think that case well expresses the rule applicable to this case.

The finding of the board is supported by some evidence and the award is affirmed, with costs to appellees.

FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred. CLARK, J., did not sit.