## TRAVELERS' INS. CO. v. PETERS et al.
### (No. 1003—5177.)

Commission of Appeals of Texas, Section B.
March 20, 1929.

See, also, 280 S. W. 310.

Oliver J. Todd, A. D. Moore, and Chas. S. Pipkin, all of Beaumont, for plaintiff in error.

James A. Harrison and David E. O'Fiel, both of Beaumont, for defendants in error.

LEDDY, J. In this suit it was alleged that William Peters, an employee of the Gulf Refining Company, while engaged in the course of his employment, sustained personal injuries from the effects of which he died a week later. The Gulf Refining Company, being a subscriber under the Workmen's Compensation Act of this state (Rev. St. 1925, arts. 8306–8309), had issued a policy of insurance covering the employee. Suit was by the widow and minor child to set aside the award of the Industrial Accident Board.

From the allegations of the petition it appears that Peters was injured while wheeling coke in a wheelbarrow preparatory to dumping the coke in a car; that, while pushing the wheelbarrow on a raised way or platform, the same slipped and fell to the ground, a distance of four feet or more, and Peters was thereby caused to fall on the metal handle of the wheelbarrow, or some other portion thereof; that as a result thereof his bladder and other organs were injured, from which an infection or uremic poison set up, causing his death on about December 13, 1922.

Plaintiff in error, after a general denial, interposed a special plea to the effect that the injury claimed was not the proximate cause of Peters' death; that he died from sepsis, or systemic poisoning caused by infection and extravasation or leakage of urine into the tissues and flesh surrounding the urethra; that as a result of a venereal disease scar tissue and pus pockets had formed along his entire urinal tract or urethra; that this scar tissue and scars and pus pockets caused the urinal tract to practically close, thereby causing the system to become infected with poison.

Plaintiff in error offered proof tending to establish the facts set forth in its special plea that the injury claimed was not the proximate cause of Peters' death. At the close of the evidence it requested the submission of the following special issue: "Was the injury, if any, which Wm. Peters received in the course of his employment, the direct and

proximate cause of his death?" In connection with the issue thus sought to be submitted, plaintiff in error requested special charges defining proximate cause. These instructions defined the term as is usual in negligence cases, with the exception that there was omitted from the definition that the injury ought to have been foreseen in the light of the attendant circumstances.

■■ We are of the opinion that the rule of proximate cause has no application to cases arising under the Workmen's Compensation Act. The term "proximate cause" is not used anywhere in the act. A party claiming compensation under such act cannot be compelled to go further than is required by the provisions of the act, either in pleading or proving his cause of action. It is true that there must be established a causal connection between an injury and the death of an employee before a recovery would be authorized. If, however, the injury is shown to be the producing cause of the death, a finding is justified that death was due to the injury, if it arises in the course of and out of the employment. It need not be established that the death was a proximate result of the injury. Snyder's Workmen's Compensation Laws, vol. 2, § 523; Lundy v. George Brown Co., 93 N. J. Law, 107, 106 A. 362; Tanner v. Aluminum Castings Co., 210 Mich. 366, 178 N. W. 69; Krueger v. Hayes Mfg. Co., 213 Mich. 218, 181 N. W. 1010; King v. Buckeye Cotton Oil Co., 155 Tenn. 491, 296 S. W. 3, 53 A. L. R. 1086; Bramble v. Shields, 146 Md. 494, 127 A. 44; Anderson v. Industrial Ins. Co., 116 Wash. 421, 199 P. 747.

In Lundy v. George Brown Co., supra, the Supreme Court of New Jersey, in discussing the question as to whether there must be a showing that the injury complained of was the proximate cause of death in order to justify a recovery under the Workmen's Compensation Act (P. L. 1911, p. 134, as amended by P. L. 1913, p. 309), said: "It was not essential to the petitioner's right to recovery that she should have established that the fractured ribs were the proximate cause of death. If the injuries were the producing cause, the proof of that fact is sufficient."

In Bramble v. Shields, cited above, the Court of Appeals of Maryland clearly stated the difference in the rule applicable to compensation statutes and that applying to cases of negligence and breach of contract in the use of the following language: "But in cases arising under the Workmen's Compensation Law the question of negligence is excluded, and with it the rule as to reasonable and probable consequence would also be excluded, if such rule were applicable here. The only test is: Did the accidental injury arise out of and in the course of employment? If it did, it makes no difference whether it was a normal or abnormal occurrence. * * * It can make no difference whether the results are usual or unusual, if there is a direct causal connection between the injury and the disease, so that the disease is directly attributable to the injury."

In view of another trial of this case we do not want to be understood as holding that plaintiff in error would not be entitled to have an affirmative submission of the issue as to whether Peters' prior diseased condition was the producing cause of his death, if such submission is properly requested.

■■ Complaint is also made that the defendants in error's petition was demurrable because the award of the Industrial Accident Board was not described, nor was a copy of same attached to the petition. The only allegation made by defendants in error as to the award made by the Industrial Accident Board in this case was the following: "On the 6th day of February, 1923, the Industrial Accident Board of the state of Texas made its final ruling and award on this claim and cause, a copy of which award is hereto attached and marked Exhibit A, and made a part hereof."

Exhibit A referred to was not attached or made a part of plaintiffs' pleading, nor does it anywhere appear from the record that a copy of the award was filed with the papers of the case or attached to any pleading. Under the Workmen's Compensation Act, the jurisdiction of the district court is appellate, and not original, the trial in the district court being de novo. The Workmen's Compensation Act provides that suit to set aside an award of the Industrial Accident Board must be brought in a court of proper jurisdiction. Such jurisdiction must affirmatively appear and cannot be based upon a presumption. It therefore becomes necessary in a suit filed in any court to set aside such award to describe the award made by the Industrial Accident Board, in order that the court may determine whether it has jurisdiction of the subject-matter under the claim as made before such Board. Georgia Casualty Co. v. Darnell (Tex. Civ. App.) 243 S. W. 579; Farris v. United States Fidelity & Guaranty Co. (Tex. Civ. App.) 251 S. W. 612; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; Vernon's Civil Statutes 1918 Supp. art. 5246—1 et seq.

It is unnecessary to dispose of the remaining assignments of error, as they present questions which will probably not arise upon another trial.

For the error discussed, we recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and the cause remanded for another trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.