SEIFMAN *v.* FORD MOTOR CO.

1. Workmen's Compensation—Certiorari—Evidence—Burden of Proof.

On review of award to plaintiff by department of labor and industry by appeal in the nature of certiorari, Supreme Court does not pass upon the weight of the testimony even though it might readily reach a different conclusion, if there is any testimony supporting the claim, in spite of the fact that plaintiff has the burden of proof.

2. Same—Sliver—Infection—Lowered Resistance—Lobar Pneumonia—Proximate Cause.

Recovery by widow and dependent children is allowed for death of defendant's employee who ran a sliver into his finger, suffered infection, lowered resistance, cold and fatal lobar pneumonia where medical testimony upon a properly framed hypothetical question attributed the pneumonia to decedent's lowered resistance caused by the infection resulting from the sliver.

3. Same—Compensation Payable from Date of Injury—Wages Earned After Accident and Before Death Not Deductible—Dependents.

Compensation payable upon death of employee begins as of the date of the injury, no wages which may subsequently have been paid deceased after the accident being deductible, and, if no compensation has been paid him, runs for 300 weeks to dependents if there are any (2 Comp. Laws 1929, §§ 8421, 8428).

Appeal from Department of Labor and Industry. Submitted October 7, 1937. (Docket No. 64, Calendar No. 39,537.) Decided December 14, 1937.

Lillian Seifman, widow, and minor children presented their claim against Ford Motor Company for compensation for death of Jack Seifman caused by injuries sustained in defendant's employ. Award to plaintiffs. Defendant appeals. Modified and affirmed.

*Dann & Atlas,* for plaintiffs.

*E. C. Starkey* and *W. J. Jones,* for defendant.

BUTZEL, J. Plaintiffs, dependents of Jack Seifman, deceased, were awarded compensation on account of his death. The testimony taken before the deputy commissioner indicates that decedent, on August 22, 1935, while in the employ of defendant, ran a sliver into his finger and on September 5, 1935, upon reporting to defendant's first aid hospital, was treated for an infection which had developed in the finger. The treatment was continued for eight days until September 13, 1935, when decedent was discharged by the first aid hospital. He lost no time on account of the injury and continued in defendant's employ until April 10, 1936, when he went home on account of a severe head cold. Two days later he was sent to the hospital where he only complained of a cold and pain in his chest of one and one-half weeks' duration. It was found that he was suffering from lobar pneumonia, which caused his death on April 17, 1936. It was shown that defendant perspired heavily from his work and that he stood in a place where he might easily have caught cold from a draft. It was the theory of plaintiffs that decedent never recovered from his finger injury and that the infection caused his system to run down, with a lowering of resistance, so as to make him susceptible to pneumonia, from which death ensued. His wife

testified that from the time of the injury, he suffered pain in the injured finger and that, after he had been discharged from defendant's first aid station, he continued to wake up in the middle of the night and bathe his finger in epsom salts and hot water; that from the time of the injury he began to lose weight, became irritable, and that progressively his system ran down so that he caught the cold which resulted in pneumonia, causing death. In addition to the testimony of his wife, there is some slight proof that he lost weight and that after the injury he worked with a bandage over his gloves. We have not the right to pass upon the weight of the testimony even though we might readily reach a different conclusion than that of the deputy commissioner as approved by the department. There being some testimony to support the claim, we are constrained to affirm the award. Only review by certiorari is permitted by the law and we may not pass upon the weight of the testimony if there is any supporting the claim, in spite of the fact that the burden of proof is with the plaintiff.

If a person, as the result of an accident, becomes so run down and his resistance is so lowered that the injury contributed to pneumonia, and this is borne out by medical experts, recovery may be had. Medical testimony upon a properly framed hypothetical question attributed the pneumonia to decedent's lowered resistance caused by the infection in the finger. An award was sustained in *Waite* v. *Fisher Body Corp.*, 225 Mich. 161, where decedent worked two months after a toe injury, which lowered his resistance and ran down his constitution in such manner as to contribute to pneumonia. To like effect, see *Anderson* v. *Fisher Body Corp.*, 239 Mich. 506, where decedent died of lobar pneumonia 11 months after the accident. In both cited cases, the

facts differed somewhat from those in the present case, but the same principle applies.

The award of the department called for payment of compensation for a period of 300 weeks from April 10, 1936, the date of decedent's last day's work for defendant. The law provides that compensation shall be for 300 weeks from the date of the injury. 2 Comp. Laws 1929, § 8421. The award must be modified so as to begin from the date of the injury. Appellant claims that it should receive credit for wages paid after that date. However, under the law as it exists, appellant is not entitled to any reduction on account of the earnings of decedent after the date of the injury. The law at present is worded so as to give 300 weeks compensation in case of death in cases where no compensation has been paid to the employee during his lifetime. 2 Comp. Laws 1929, § 8421. The question arose in *Pardeick* v. *Iron City Engineering Co.*, 220 Mich. 653, wherein we stated:

"We are persuaded that this legislation contemplates that in cases where compensation has been paid to the injured employee during his lifetime compensation to his dependents begins with the date of his death; when no compensation has been paid to the employee during his lifetime compensation to his dependents dates from the date of the accident. Whether in all cases this will work out equitably is not for our consideration. Such argument may properly be addressed to the legislature."

The only deduction that may be made from the amount provided by law is for the period of time during the lifetime of the employee for which compensation is paid. 2 Comp. Laws 1929, § 8428. Inasmuch as no compensation was paid, there can be no deduction. It is apparent that under the law, it is the purpose to grant dependents in a death case an

award for the full 300 weeks if no compensation was paid to the employee during his lifetime.

The award, as modified, is affirmed.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.