RICKARD v. BRIDGEMAN-RUSSELL CO.

1. WORKMEN'S   COMPENSATION—ACCIDENTAL   INJURY—PROXIMATE CAUSE OF DEATH.

Testimony indicating that accidental injury suffered by employee some 13 months before he died lowered his vitality and probably shortened his life *held*, sufficient to support award to widow as opposed to claim there was no testimony that injury was the proximate cause of death.

2. SAME—PREPONDERANCE OF EVIDENCE.

The Supreme Court is not at liberty to weigh medical testimony or pass upon the preponderance thereof on appeal from award by the department of labor and industry.

3. Same—Question of Fact—Evidence.

  As to questions of fact the Supreme Court cannot set aside an award of the department of labor and industry when record contains any competent evidence to support its findings thereon.

4. Evidence—Hypothetical Question—Medical Witness.

  Hypothetical questions as to whether or not accidental injury suffered by employee, in opinion of medical witnesses, could have contributed to death from ulcer perforating the stomach some 13 months later *held,* proper.

5. Workmen's Compensation — Stomach Ulcer — Accident — Hernia—Proximate Cause—Death.

  Evidence that employee who had had stomach ulcers suffered an accidental injury resulting in hernia for which he underwent an operation which doctors testified resulted in lowered vitality and probably shortened his life *held,* sufficient to support finding of department of labor and industry that injury was proximate cause of death.

6. Same—Last Sickness and Funeral Expenses—Questions Reviewable.

  No objection to allowance of items of expense of last sickness and funeral being made to department of labor and industry, question as to propriety of their allowance may not be urged in Supreme Court.

Appeal from Department of Labor and Industry. Submitted January 3, 1939. (Docket No. 23, Calendar No. 40,262.) Decided March 9, 1939.

Margaret Rickard, widow, presented her claim against Bridgeman-Russell Company, employer, and Travelers Insurance Company, insurer, for compensation for accidental death of Joseph Rickard while in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*Ray Derham,* for plaintiff.

*H. J. Rushton* and *Thos. J. Rushton,* for defendants.

SHARPE, J.   Plaintiff, the wife of Joseph Rickard, deceased, was awarded compensation by the department of labor and industry for the death of her husband.   The department found that an accidental injury sustained in December, 1935, contributed to deceased's death in January, 1937.   Defendants appeal and claim that there is no competent evidence to support this finding.

On December 23, 1935, Joseph Rickard sustained an accidental injury which resulted in a hernia for which he underwent an operation in February, 1936. It is conceded that this was a compensable injury and compensation was paid to deceased.   At the time of this operation, deceased weighed about 170 pounds.   For some time prior thereto he had suffered from stomach trouble, the exact nature of which was not determined.   He had also had a lung abscess and for this reason was given a spinal anæsthetic.   About eight or nine days after the operation, pleurisy or pleuritis developed, and from that time on he had considerable difficulty with his chest.   This condition, however, cleared up and the hernia incision healed satisfactorily.   Dr. Janis, who operated upon deceased for the hernia, testified that by reason of the operation and pleurisy, deceased lost considerable weight.   Deceased returned to work about eight weeks after being discharged from the hospital. Mrs. Rickard testified that after deceased returned to work he kept losing weight until he weighed about 135 to 140 pounds at his death; that he complained of pain in his abdomen; that he was always tired; and that he didn't eat well.

On January 25, 1937, deceased underwent another operation and it was discovered that an ulcer had perforated the stomach.   He died about five days after the operation from general peritonitis as a result of perforated gastric ulcer.

Section 8421, 2 Comp. Laws 1929 (Stat. Ann. § 17.155), provides that, ''If death results from the injury, the employer shall pay.'' This section of the statute has been interpreted many times and in the recent case of *Swanson* v. *Oliver Iron Mining Co.*, 266 Mich. 121, this court said:

''It is claimed there was no testimony indicating the injury suffered by Carl Swanson was the proximate cause of his death. He would have died some time anyway. Death is the common fate of man. The question is whether the injury accelerated his death; whether, by reason of the injury suffered by him, his death occurred sooner than it probably otherwise would. There was testimony indicating the injury suffered lowered his vitality and probably shortened his life. This was sufficient.''

See, also, *Fitzgerald* v. *Lozier Motor Co.*, 187 Mich. 660; *Waite* v. *Fisher Body Corp.*, 225 Mich. 161; *Anderson* v. *Fisher Body Corp.*, 239 Mich. 506; *Monk* v. *Charcoal Iron Co. of America*, 246 Mich. 193; *Seifman* v. *Ford Motor Co.*, 282 Mich. 342.

We find that the department had before it the following testimony by Dr. Swinton:

''*Q.* Now is it possible that this accident which Joseph Rickard suffered on December 23, 1935, contributed to his death?

''*A.* Yes. * * *

''*Q.* How could this injury of December 23, 1935, contribute to his death?

''*A.* The treatment of ulcer is essentially one of rest, freedom from worry, and generally building up the body vitality if the ulcer is to heal. We know that worry is one of the prime causes of increasing the acidity of the stomach juice, which is a prime cause in speeding up the cause of ulcer, if not causing it. If this man failed to regain his health following the injury we have all of the factors which would

have activated a pre-existing ulcer or speeding its course whenever it developed.

"*Q.* It is your theory this man probably had these ulcers before his injury of December 23, 1935?

"*A.* Yes.

"*Q.* And this injury aggravated and speeded up the condition of them?

"*A.* Yes."

Dr. Lambert, a witness called by the plaintiff, testified:

"*Q.* Is it possible that the accident of December 23, 1935, contributed to Joseph Rickard's death?

"*A.* Yes.

"*Q.* Why do you say that?

"*A.* Considering his rapid weight loss after the operation and increase in symptoms, I believe that his ulcer was aggravated about the time of his operation, possibly due to the worrying associated with that procedure increasing stomach acidity aggravating an underlying ulcer.

"*Q.* Is it possible this blow aggravated it?

"*A.* Trauma may be a factor in aggravating an ulcer.

"*Q.* It is your opinion then that this accident did aggravate this ulcerous condition and contributed to his death?

"*A.* Yes."

And on cross-examination, he testified:

"*Q.* What type of a trauma aggravates an ulcer without causing a perforation?

"*A.* Depending on the trauma, lowering the vitality of the individual."

Dr. Stern, a witness called by the defendants, testified:

"*Q.* Anything that lowers the resistance is harmful to an ulcer?

"*A.* Yes.

"*Q.* If this man's condition was lowered by the operation so that he lost 35 pounds in weight it would be a bad thing for any ulcer condition?

"*A.* It would be contributory."

Although the testimony of the medical experts relied upon by the department may not seem convincing to us, we are not at liberty to weigh it or pass upon the preponderance. *Krueger* v. *Hayes Manfg. Co.*, 213 Mich. 218. We have repeatedly held that as to questions of fact we cannot set aside an award of the department of labor and industry when the record contains any competent evidence to support it. The hypothetical questions propounded by plaintiff complied with the rule set forth in *DeGroot* v. *Winter*, 261 Mich. 660. The evidence relied upon by plaintiff was competent and sufficient to support the award of the department.

Defendants raise the further question regarding the allowance by the department of $131.85 for expenses incurred during the last sickness and $185 for funeral expenses. Objection to these items was not raised before the department. It is now too late to restore that omission. *Aske* v. *W. E. Wood Co.*, 248 Mich. 327; *Kolbas* v. *American Boston Mining Co.*, 275 Mich. 616; *McLean* v. *Eaton Manfg. Co.*, 286 Mich. 285.

Award affirmed. Costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, and MCALLISTER, JJ., concurred. NORTH, J., took no part in this decision.