EPLETT v. GREAT LAKES ENGINEERING WORKS.

1. WORKMEN'S COMPENSATION—DEPARTMENT OF LABOR AND INDUS-
TRY—FINDINGS—ORDERS—EVIDENCE.

In proceedings to recover workmen's compensation the depart-
ment of labor and industry is the trier of the facts so if there
is testimony to sustain the findings of the department and such
findings support the award, the department's order should be
sustained.

2. SAME—LOSS OF VISION OF EYE—EVIDENCE.

In proceeding to recover compensation for loss of vision of eye,
evidence *held,* sufficient to sustain award for specific loss of
vision of one eye.

Appeal from Department of Labor and Industry.
Submitted April 7, 1939. (Docket No. 57, Calendar
No. 40,387.) Decided June 5, 1939.

William Eplett presented his claim against Great
Lakes Engineering Works for compensation for loss
of an eye. Award to plaintiff. Defendant appeals.
Affirmed.

*Samuel Charfoos,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

POTTER, J.   Plaintiff claims to have suffered a
compensable injury while employed by defendant re-
sulting in loss of vision in his right eye.   The depart-
ment of labor and industry allowed compensation at
the rate of $18 a week for 100 weeks from Febru-

ary 1, 1938, for the specific loss of his right eye. Defendant appeals.

The department of labor and industry is the judge of the facts. If there is testimony to sustain the findings of the department and such findings support the award, the order should be sustained.

The question here is, was there such testimony?

Plaintiff says the hammer which he was using caught a wire and slashed the wire across his right eye, across the pupil; that he went to the first-aid department and was there treated by the nurse; that from and after 1917, until the date of the injury, he had had no trouble with his eye, and that when he went to work for defendant he was examined, that he could see and counted the fingers of the examiner; that before that he had worked for the Ford Motor Company, that he was examined and could see; that later he was examined and granted a chauffeur's license; that he had vision in his eye in 1920 when he was married.

The department reviewed the testimony. We cannot say there was no testimony to support the department's finding, and its award is affirmed, with costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.