FRIES *v.* KALAMAZOO STOVE & FURNACE COMPANY.

1. WORKMEN'S COMPENSATION—BURDEN OF PROOF.
   The burden of proving the right to workmen's compensation rests on the plaintiff.

2. SAME—BURDEN OF PROOF—EVIDENCE—INFERENCES.
   Plaintiff failed to sustain burden of proving right to workmen's compensation, where 2 inferences are equally possible and plausible from the evidence, 1 favorable and 1 adverse to the plaintiff.

3. SAME—DISABILITY—GUESS.
   The workmen's compensation commission may not award compensation on the basis of a mere possibility or guess that there is a disability due to employment.

4. SAME—EMPHYSEMA—PROXIMATE CAUSE—FINDING OF COMMISSION —EVIDENCE.
   The Supreme Court may not disturb finding of workmen's compensation commission that plaintiff's emphysema was not a disability due to employment as molder, as distinguished from one due to old age, where there was competent evidence to sustain the finding (CL 1948, § 413.12).

Appeal from Workmen's Compensation Commission.  Submitted October 13, 1953.  (Docket No. 44, Calendar No. 45,838.)  Decided November 27, 1953.

George Fries presented his claim for compensation against Kalamazoo Stove & Furnace Company, employer, and Liberty Mutual Insurance Company

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  58 Am Jur, Workmen's Compensation §§ 433, 436.
[2, 3]  58 Am Jur, Workmen's Compensation § 453.
[4]  58 Am Jur, Workmen's Compensation § 532.

and American Mutual Liability Insurance Company, insurers, for occupational disease. Award to defendants. Plaintiff appeals. Affirmed.

*Edward J. Ryan,* for plaintiff.

*Warner & Hart,* for defendants Kalamazoo Stove & Furnace Company and Liberty Mutual Liability Insurance Company.

*Troff, McKessy & Lilly,* for defendants Kalamazoo Stove & Furnace Company and American Mutual Liability Insurance Company.

Dethmers, C. J. Plaintiff claims a disability from earning full wages at his molding trade as a result of emphysema caused by years of exposure to silica dust in his employment, entitling him to compensation. He says the basic question is "whether plaintiff's admitted disabling emphysema is due to years of exposure to foundry dust or merely to getting old."

In its opinion denying compensation the commission stated that there was no serious dispute that plaintiff has a mild to moderate emphysema and a generalized arteriosclerosis and that a diagnosis of silicosis could not be made from the X-rays. It found as a fact that plaintiff's claimed symptoms of tightness in the chest, coughing, shortness of breath, general weakness and fatigue could be due in part to emphysema but that it was questionable whether that condition was due to silica storage in the lungs or to the aging process; that it would be purely conjectural to ascribe it to the former, that plaintiff's disability was undoubtedly due in part to arteriosclerosis which was in no wise related to his employment, and that the evidence would not support a finding of disability due to employment.

There was medical testimony both ways. The finding of the commission is supported by the testimony of 2 doctors, one of whom examined plaintiff and X-ray pictures of his chest while the other examined the pictures only. Both testified that in their opinion plaintiff's emphysema was not due to silica deposits in the lungs but to the aging process and that such silica storage as existed in plaintiff's lungs was not disabling.

The burden of proving the right to compensation is on plaintiff. *Riley* v. *Kohlenberg,* 316 Mich 144. Where 2 inferences are equally possible and plausible from the evidence, 1 favorable and 1 adverse to the plaintiff, he has not sustained the burden of proof reposing on him and must fail. *Ginsberg* v. *Burroughs Adding Machine Co.,* 204 Mich 130. The commission may not award compensation on the basis of a mere possibility or guess that there is a disability due to employment. See *Cromie* v. *Florez, Inc.,* 317 Mich 516, and cases therein cited. There being competent medical testimony to support the commission finding that the evidence did not establish a disability due to employment, as distinguished from one due to old age, and that plaintiff was, therefore, not entitled to compensation benefits, we may not disturb it. CL 1948, § 413.12 (Stat Ann 1950 Rev § 17.186). *Krueger* v. *Hayes Manfg. Co.,* 213 Mich 218; *Rickard* v. *Bridgeman-Russell Co.,* 288 Mich 175; *Eplett* v. *Great Lakes Engineering Works,* 289 Mich 197.

Affirmed, with costs to defendants.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.