SWANSON *v.* OLIVER IRON MINING CO.

1. MASTER AND SERVANT—FINDING OF DEPARTMENT—CLAIM FOR COMPENSATION—EVIDENCE.

Finding of department of labor and industry that widow of deceased employee made unequivocal claim for compensation is sustained where evidence shows she asked employer's agent for balance of compensation awarded her husband.

2. SAME—FINDING OF DEPARTMENT—EXPLOSION—DEATH—PROXIMATE CAUSE.

Finding of department of labor and industry that injury suffered by employee from explosion in mine on October 31, 1927, was proximate cause of his death occurring July 18, 1932, is sustained where there is evidence that injury lowered his vitality.

Appeal from Department of Labor and Industry. Submitted January 17, 1934. (Docket No. 24, Calendar No. 37,458.) Decided March 6, 1934.

Amanda Swanson presented her claim against Oliver Iron Mining Company, a corporation, for balance of compensation awarded her deceased husband, Carl Swanson. Award to plaintiff. Defendant appeals. Affirmed.

*Derham & Derham,* for plaintiff.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr. (Elmer H. Blu,* of counsel), for defendant.

POTTER, J. This appeal, in the nature of certiorari, from an award of compensation by the department of labor and industry, presents two reviewable questions. *First,* whether plaintiff made an unequivocal

claim for compensation; and *second,* whether the injury suffered by Carl Swanson, plaintiff's husband, now deceased, October 31, 1927, was the proximate cause of his death July 18, 1932.

Carl Swanson, a miner in defendant's employ, was severely injured as a result of an explosion in defendant's mine. He never worked afterwards but recovered sufficiently to walk on crutches, though for some time prior to his death he was confined in bed. Mr. Swanson, because of his injury, claimed and was awarded and paid compensation by defendant. After his death defendant's agent paid some compensation that had accrued to him in his lifetime, to plaintiff, his widow, and also one week's additional compensation.

The testimony indicates, at the time this payment of compensation to plaintiff was made, she wanted the balance of the 300 weeks' compensation that had been awarded to her husband and so stated to defendant's agent, who, while unable to recall the precise conversation, concedes it is a fair deduction from what was said at the time, that plaintiff wanted the balance of 300 weeks' compensation that had been previously awarded. We cannot say, therefore, there was no testimony to show plaintiff demanded compensation for the injury to her husband. It is claimed there was no testimony indicating the injury suffered by Carl Swanson was the proximate cause of his death. He would have died some time anyway. Death is the common fate of man. The question is whether the injury accelerated his death; whether, by reason of the injury suffered by him, his death occurred sooner than it probably otherwise would. There was testimony indicating the injury suffered lowered his vitality and probably shortened his life. This was sufficient.

We find no reversible error in the findings of the department of labor and industry, whose award is affirmed, with costs.

Nelson Sharpe, C. J., and North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.