## BUTLER v DURA CORPORATION

Docket No. 47038. Submitted December 15, 1980, at Detroit.—Decided
April 21, 1981.

James E. Butler was employed by the Dura Corporation as a die
setter. In 1962, Butler injured his back at work. Subsequent to
his release from the hospital for treatment of his back, Butler
could no longer perform the strenuous work of a die setter and
was given work in the inspection department of Dura. In 1967,
Butler again injured his back at work, and the injury required
back surgery. Again, he returned to the inspection department
and worked on even lighter jobs than he had performed previ-
ously. In 1970, Butler was injured in an automobile accident
which further injured his back, preventing him from doing
much walking or standing. Butler has not returned to work.
Butler, in 1975, petitioned the Bureau of Workmen's Compen-
sation for benefits claiming that his back injury resulted in
total and permanent disability and the industrial loss of the
use of his legs. The bureau denied benefits to Butler, finding
that Butler was able to work until the automobile accident.
Butler appealed to the Worker's Disability Compensation Ap-
peal Board (WCAB) which reversed the referee's decision and
awarded partial disability benefits to Butler, based on the 1967
date of injury. Dura Corporation, Motor State Products, and
Liberty Mutual Insurance Company appeal, by leave granted,
from the order of the WCAB, alleging that 1) the WCAB erred
in presuming, as a matter of law, that the performance of
lighter work after an injury was favored work; 2) the WCAB's
determination that Butler's inspection job was not an odd-lot
job precluded a finding that it was favored work; 3) the WCAB
erred in concluding that the claimant had established a 1967
date of injury as opposed to a 1962 date of injury; and 4) if
compensation is to be awarded, it should be apportioned be-

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 552.
[2] 82 Am Jur 2d, Workmen's Compensation § 547.
[3, 4] 82 Am Jur 2d, Workmen's Compensation §§ 347-349.
[5] 82 Am Jur 2d, Workmen's Compensation § 240.

tween the industrial and nonindustrial causes of the disability. *Held:*

1. The board was legally correct in concluding that Butler's inspection jobs were favored work since there was competent evidence supporting the findings of fact, including the testimony of Butler.

2. A job need not be manufactured, *i.e.,* an "odd-lot job", for the claimant's particular incapacity in order to be favored work.

3. There is ample evidence in the record to support the findings relied on by the board to reach a 1967 date of injury. The 1967 injury caused further partial disability to Butler, not merely recurrence of the symptoms of the 1962 injury. Although favored work does not establish a new wage-earning capacity, it does not necessarily follow that the inability to establish a new wage-earning capacity means that there can be no later date of injury with respect to entitlement to partial disability benefits than the date at which wage-earning capacity could last be established.

4. The respondents are not entitled to apportionment since no apportionment between the industrial and nonindustrial causes of the disability should be allowed where the disability arises from a single event injury.

Affirmed.

1. WORKERS' COMPENSATION — FINDINGS OF FACT — STATUTES.

Findings of fact by the Worker's Compensation Appeal Board are conclusive, absent fraud, if there is any competent evidence in the record to support the findings of fact made by the appeal board (Const 1963, art 6, § 28, MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — APPEAL.

A decision of the Worker's Compensation Appeal Board may be reviewed as a question of law where the findings of fact are so sufficiently detailed that an appellate court can separate the facts as found by the board from the law it applied.

3. WORKERS' COMPENSATION — FAVORED WORK.

Favored work under workers' compensation law includes any job regularly performed by other employees as long as the claimant could not perform according to his prior skills; a job need not be manufactured for the claimant's particular incapacity in order to be favored work.

4. WORKERS' COMPENSATION — FAVORED WORK — WAGE-EARNING
    CAPACITY.
    Favored work under workers' compensation law does not estab-
    lish a new wage-earning capacity.

5. WORKERS' COMPENSATION — APPORTIONMENT — SINGLE-EVENT IN-
    JURY.
    Apportionment between industrial and nonindustrial causes of a
    workers' compensation disability is not allowed where the
    disability arises from a single-event injury.

*Goodman, Eden, Millender & Bedrosian,* for
claimant.

*Nelson, Payne & Peterson* (by *Gary D. Parsons),*
for respondent.

Before: CYNAR, P.J., and BASHARA and BEASLEY,
JJ.

CYNAR, P.J. Respondents appeal from an August
3, 1979, order of the Worker's Compensation Ap-
peal Board awarding benefits to the claimant.
Respondents appeal by leave granted on April 10,
1980.

Claimant began working for Dura Corporation
as a die setter in 1954. In late December, 1962,
claimant injured his back at work. He continued
to work briefly but was hospitalized in early Janu-
ary, 1963, placed in traction and remained in the
hospital for several weeks. When he returned to
work he could no longer do the heavy lifting and
bending required of a die setter. At the order of
his doctor he was given work in the inspection
department involving less strenuous activity.

Claimant continued to work in the inspection
department until December, 1967, when he again
injured his back at work. He was hospitalized and
had back surgery, specifically, a lumbar laminec-
tomy, returning to work in 1968. He again re-

turned to the inspection department but testified that he worked on even lighter jobs than he had done previously.

On April 21, 1970, claimant was injured in an automobile accident and has not returned to work. In the automobile accident he again injured his back, as well as his head, knee, chest, and right arm. Claimant testified that, except for the back injury, the other conditions had healed and that the back injury prevented him from doing much walking or standing.

On April 14, 1975, claimant petitioned the Bureau of Workmen's Compensation for benefits, claiming that his back injury had resulted in total and permanent disability and the industrial loss of the use of his legs. A hearing was held on May 18, 1976, before a referee, in which benefits were denied for the following reason:

"While plaintiff did have surgery following the 1967 injury he did return to work. The records of Henry Ford Hospital indicate that subsequent back problems followed his nonindustrial auto accident and I so find. Plaintiff was able to work until this accident."

Claimant appealed to the Worker's Compensation Appeal Board (WCAB). In an opinion and order dated August 3, 1979, the WCAB reversed the referee's decision and awarded partial disability benefits at the rate of $75 weekly, based on a 1967 date of injury, from April 14, 1973, to May 18, 1976, and thereafter at the same rate until further order of the bureau. It is from this order that respondents appeal.

Respondents first contend that the WCAB erred in presuming, as a matter of law, that the performance of lighter work after an injury was favored work. Also, respondents argue that the WCAB's

determination that claimant's inspection job was not an odd-lot job precluded a finding that it was favored work. Respondents, in their brief, apparently adopt inconsistent positions, arguing at one point that a finding of lighter work by the WCAB did not equate with a finding that claimant's post-1962-injury or post-1967-injury inspection jobs were favored work, yet later contending that the WCAB's findings that the inspection jobs *were* favored work were erroneous because the board did not find that the work was odd-lot.

With respect to the WCAB's factual findings, they are conclusive in the absence of fraud, Const 1963, art 6, § 28, MCL 418.861; MSA 17.237(861), *Derwinski v Eureka Tire Co,* 407 Mich 469, 481-482; 286 NW2d 672 (1979), if there is any competent evidence in the record to support the findings of fact made by the appeal board. *Aquilina v General Motors Corp,* 403 Mich 206, 210-213; 267 NW2d 923 (1978), *inter alia.* A decision of the WCAB may be reviewed as a question of law where the findings of fact are sufficiently detailed so that an appellate court can separate the facts the WCAB found from the law it applied. *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 136; 274 NW2d 411 (1979), and the cases cited therein.

Contrary to the claim of the respondents, the WCAB in this case found that claimant's work was favored work, stating that:

"While before 1967 work-related injury he was on inspection work easier than his die setting job at which he was injured in 1962, after 1967 work-related injury he required, and was furnished, work even more favored within the inspection department itself * * *."

Later in its opinion, the board remarked:

"Thus, although plaintiff had discomfort and missed some time from work, it cannot be found that he had lost the industrial use of his legs while he was able to perform the favored favored work in the inspection department comprising, as it did in fact, 'a lot of walking.' "

Suffice it to say that the word "favored" is liberally interspersed throughout the WCAB's opinion.

The question we decide is whether this conclusion was correct as a matter of law. The WCAB, relying on claimant's testimony that he could no longer work as a die setter following his 1962 injury, found that his assignment to the inspection department was favored work. In addition, the appeal board found that the job to which claimant was assigned following his return to work after his 1967 injury was *more* favored work vis-à-vis the work he had performed before his 1967 injury and after his 1962 injury, which was itself favored work.[1] The WCAB, in reaching this conclusion, again relied, at least in part, on claimant's testimony, which stated in relevant part:

"I no longer could go to the harder jobs on inspection work, and I told the foreman and he knew that at the time and he was understanding and he agreed to it, I told him I couldn't do bending and lifting and the doctors—I also told the doctors, and they gave me favored work. A lot of days I had to go home, even though, I did a lot of walking and I had not much bending and lifting to do after that date, but the sorting jobs, the inspection work jobs that involved any kind of strenuous work, I didn't have to do any more on inspection, I told them I wasn't able to do them."

---

[1] See the quotations from the WCAB's opinion in the case at bar, noted *supra,* in which the WCAB used the terms "more favored" and "favored favored" with respect to claimant's post-1967-injury inspection job.

There was thus record support, *i.e.,* competent evidence, for the findings of fact made by the WCAB; specifically, the finding that claimant's inspection jobs were favored work. Or perhaps it could be more accurately said that the board found that claimant could not perform work he had performed before each injury and concluded, as a matter of law, that the "easier" work to which he was subsequently assigned was "favored".

In *Powell v Casco Nelmor Corp,* 406 Mich 332, 348; 279 NW2d 769 (1979), the Court defined favored work to include any job regularly performed by other employees, as long as the claimant could not peform according to his prior skills. Accord, *Evans v United States Rubber Co,* 379 Mich 457, 465; 152 NW2d 641 (1967). Moreover, a job need not be manufactured (*i.e.,* be an "odd-lot" job) for the claimant's particular incapacity in order to be favored work. *Powell, supra, Evans, supra.* Thus, we conclude that the WCAB was legally correct in concluding that claimant's inspection jobs were "favored" and "more favored" work, respectively.

Respondents further argue that the board erred in concluding that claimant had established a 1967 date of injury as opposed to a 1962 date of injury. Respondents' syllogism operates in this fashion. The board found that claimant began favored employment following his return to work after his 1962 injury, and, at that point, claimant could not establish a new wage-earning capacity. Since claimant continued in this lighter work until his assignment to even more favored work following his 1967 injury, and remained at that job until his automobile accident, he was also unable to establish a new wage-earning capacity *after* his 1967 injury. Thus, respondents argue, if an employee cannot, as matter of law, establish a new wage-

earning capacity for the purpose of determining partial disability, he should not be able to do so for the purpose of establishing a new injury date.

It is undisputed that favored work does not establish a new wage-earning capacity. *Powell, supra,* 348, *Evans, supra,* 465, *Lynch v Briggs Manufacturing Co,* 329 Mich 168, 172; 45 NW2d 20 (1950). However, it does not necessarily follow that the inability to establish a new wage-earning capacity means that there can be no later date of injury with respect to entitlement to partial disability benefits than the date at which wage-earning capacity could last be established. To adopt respondents' position would mean that, even if an employee were to later aggravate his prior injury while engaged in favored work, or would suffer a new and conceivably far more severe injury, total disability or even death, no later date of injury could be established.[2]

We do not believe the Legislature intended that such a result obtain, nor does logic dictate that we so hold. More importantly, it is clear that the WCAB found two dates of injury, 1962 and 1967, each being a specific single-event injury, that the 1967 injury caused *further* partial disability to claimant, and that the 1967 injury was not merely the recurrence of the symptoms of the 1962 injury. Accordingly, we uphold the board's finding of a 1967 date of injury, for we find ample evidence in the record to support the findings relied on to reach a 1967 date of injury.

Respondents finally argue that, if compensation

[2] This is particularly important in the instant case, because if a 1962 date of injury is established, the 500-week rule found in now repealed 1956 PA 195, specifically MCL 412.10; MSA 17.160, would apply, and claimant's right to benefits would presently be exhausted. Otherwise, claimant would be entitled to benefits for the duration of the disability. MCL 418.361; MSA 17.237(361) and MCL 418.891; MSA 17.237(891).

is to be awarded, it should be apportioned between the industrial and nonindustrial causes of the disability. We disagree. The law is clear that no apportionment is allowed where, as here, the disability arises from a single-event injury. *Morgan v Win Schuler's Restaurant,* 64 Mich App 37, 41; 234 NW2d 885 (1975). Respondents are not entitled to apportionment.

In summary, the decision of the WCAB to award claimant partial disability benefits based on a 1967 date of injury is affirmed in all respects. No costs are awarded, a question of statutory interpretation being involved.