ETTINGER v HOOKER MOTOR FREIGHT

Docket No. 57583. Submitted March 2, 1982, at Lansing.—Decided
    May 13, 1982.

Ernest L. Ettinger claimed a permanent and total loss of indus-
    trial use of both his legs based on injuries sustained while
    working as a truck driver for Hooker Motor Freight. An
    administrative law judge awarded Ettinger workers' compensa-
    tion benefits based on a total disability but ruled that the
    proofs failed to establish his claim of total and permanent
    disability. Ettinger appealed and Hooker Motor Freight and
    Michigan Mutual Insurance Company cross-appealed. The
    Workers' Compensation Appeal Board affirmed. Ettinger ap-
    plied for leave to appeal to the Court of Appeals, which denied
    leave for lack of merit on the grounds presented. The Supreme
    Court, in lieu of granting leave to appeal, remanded to the
    Court of Appeals for reconsideration as on leave granted, 411
    Mich 892 (1981). *Held:*

    The appeal board applied the correct legal standard in reach-
    ing its conclusion that Ettinger did not sustain permanent and
    total loss of the industrial use of both his legs and the board's
    decision is supported by testimony given by Ettinger and a
    neurosurgeon who examined him.

    Affirmed.

1. WORKERS' COMPENSATION — FINDINGS OF FACT.

    Findings of fact made by the Workers' Compensation Appeal
    Board are conclusive in the absence of fraud if supported by
    any competent evidence (Const 1963, art 6, § 28; MCL 418.861;
    MSA 17.237[861]).

2. WORKERS' COMPENSATION — INDUSTRIAL USE OF LEGS — QUESTION
    OF FACT.

    Whether a workers' compensation claimant has totally and per-

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 552.
[2, 4, 5] 82 Am Jur 2d, Workmen's Compensation §§ 350, 351, 547.
[3] 82 Am Jur 2d, Workmen's Compensation § 630.

manently lost the industrial use of his legs is a question of fact for the Workers' Compensation Appeal Board.

3. APPEAL — WORKERS' COMPENSATION.

The Court of Appeals review of a Workers' Compensation Appeal Board decision is limited, in the absence of fraud, to whether the correct legal standard was applied.

4. WORKERS' COMPENSATION — INDUSTRIAL USE OF LEGS — PERMANENT AND TOTAL LOSS OF INDUSTRIAL USE.

There is permanent and total loss of industrial use of both legs for the purposes of the Worker's Disability Compensation Act where *inter alia:* (1) an employment-related injury in one or both legs causes pain or other condition that prevents use of both legs in industry, (2) the use of one or both legs, whether or not injured, triggers an employment-related injury or malady in any part of the body, including one or both legs, that causes pain or other condition that prevents use of both legs in industry (MCL 418.361[3][g]; MSA 17.237[361][3][g]).

5. WORKERS' COMPENSATION — INDUSTRIAL USE OF LEGS.

"Industrial use of both legs" for purposes of the Worker's Disability Compensation Act is defined as the ability to use both legs to perform any reasonable employment on a regular work schedule (MCL 418.361[3][g]; MSA 17.237[361][3][g]).

*Church, Wyble, Kritselis, Anderson & Robinson, P.C.* (by *Thomas H. Hay),* for plaintiff.

*Munroe & Nobach, P.C.* (by *Richard R. Weiser),* for Hooker Motor Freight and Michigan Mutual Insurance Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard F. Zapala,* Assistant Attorney General, for Second Injury Fund.

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

PER CURIAM. This workers' compensation case

---

* Circuit judge, sitting on the Court of Appeals by assignment.

revisits this Court pursuant to an order by the Supreme Court, dated May 5, 1981, remanding to the Court of Appeals for consideration as on leave granted. *Ettinger v Hooker Motor Freight,* 411 Mich 892 (1981). At issue is whether the plaintiff suffered a permanent and total loss of industrial use of both legs. MCL 418.361(3)(g); MSA 17.237(361)(3)(g).

Plaintiff claimed a permanent and total loss of industrial use of both legs based on injuries sustained in October, 1973, and March, 1974, while working as a truck driver for defendant Hooker Motor Freight. On June 1, 1977, the administrative law judge awarded plaintiff compensation benefits of $112 per week based on a total disability, but ruled that the proofs failed to establish plaintiff's claim of total and permanent disability. Plaintiff appealed and defendants Hooker Motor Freight and Michigan Mutual Insurance Company cross-appealed the decision to the Workers' Compensation Appeal Board (WCAB) on February 6, 1980. The WCAB affirmed, stating "Plaintiff has not sustained his burden of proof by a preponderance of the evidence that he has suffered the permanent and total industrial loss of use of his legs".

Plaintiff then filed an application for leave to appeal with this court, which, by order dated September 5, 1980, denied leave for "lack of merit on the grounds presented". Plaintiff applied for leave to appeal to the Supreme Court, which, on May 5, 1981, in lieu of granting leave to appeal, remanded to us for reconsideration as on leave granted.

On remand, plaintiff argues that the WCAB erred in two respects. First, that the WCAB's findings of fact are contrary to the evidence. Sec-

ond, that the WCAB ignored the legal standards set forth in *Martin v Ford Motor Co,* 401 Mich 607; 258 NW2d 465 (1977), and *Burke v Ontonagon County Road Comm,* 391 Mich 103; 214 NW2d 797 (1974), for determining industrial loss of use. Specifically, plaintiff claims the board erred in concluding that, because plaintiff could engage in sedentary work, he had not sustained the total and permanent loss of industrial use of both legs. We disagree.

Findings of fact made by the WCAB are conclusive in the absence of fraud if supported by any competent evidence. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861), *Lopucki v Ford Motor Co,* 109 Mich App 231, 237; 311 NW2d 338 (1981), *Butler v Dura Corp,* 105 Mich App 508, 512; 307 NW2d 83 (1981). Whether a claimant has totally and permanently lost the industrial use of his legs is a question of fact for the WCAB. *Miller v Sullivan Milk Products, Inc,* 385 Mich 659, 667; 189 NW2d 304 (1971), *Dechert v General Motors Corp,* 92 Mich App 124, 128; 284 NW2d 751 (1979). In the absence of fraud, this Court's review of a WCAB decision is limited to whether the correct legal standard was applied. *Hamlin v Michigan Seat Co,* 112 Mich App 84, 86; 314 NW2d 804 (1981).

In *Burke, supra,* the Supreme Court set forth the following test for determining whether a claimant has sustained a permanent and total loss of industrial use of both legs:

"There is permanent and total loss of industrial use of both legs where, *inter alia,*

"1. An employment-related injury in one or both legs causes pain or other condition that prevents use of both legs in industry.

"2. The use of one or both legs, whether or not

injured, triggers an employment-related injury or malady in any part of the body, including one or both legs, that causes pain or other condition that prevents use of both legs in industry." 391 Mich 114.

In two recent cases, the Supreme Court has clarified the meaning of the term "industrial use of both legs". In *DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96, 102; 214 NW2d 794 (1974), the Court stated:

"If appellant DeGeer, on remand, establishes that the use of his legs produces such disabling back pain that he is no longer *able to use his legs to perform any reasonable employment,* then he will clearly be eligible for permanent and total disability benefits under the above discussed section of the Workmen's Compensation Act." (Emphasis added.)

In *Martin v Ford, supra,* the Court stated:

"The evidence that sometime *before* her employment terminated she went dancing and planted some rose bushes does not indicate that after the three post-employment operations she is *able to perform employment-related tasks on a regular work schedule."* 401 Mich 607, 620. (Emphasis added; footnote omitted.)

It is clear from these cases that the Supreme Court defines industrial use of both legs as the *ability to use both legs* to perform any reasonable employment on a regular work schedule. Industrial use of both legs is the ability to actually make some use of both legs, to do some walking and some standing in the performance of a job, rather than the more limited ability to perform a job only while seated in a wheelchair or while otherwise sitting. The question is not whether plaintiff can return to his old job of driving heavy

semitrailers, but whether he is capable of reasonable or gainful employment in industry. Keeping this standard in mind, we have carefully reviewed the transcript. We find the testimony in dispute. Plaintiff claims he "couldn't sit at no desk in one position for no eight or ten hours a day", and Dr. Brownridge, a chiropractor who had been treating plaintiff since January, 1974, stated that he considered plaintiff disabled from "industrial employment".

On the other hand, Dr. Day, a neurosurgeon who examined plaintiff for defendant Second Injury Fund, testified that plaintiff was not disabled and could handle light duties:

"* * * Patient is certainly not disabled, in the sense that he could handle a suitable job such as dispatcher. Any activity that he may engage in the future should be restricted to light duties. The usual course of such complaints is one of several years duration. He should use home cervical traction for his headaches, which are usually relieved by taking Tylenol #2."

When asked to elaborate on plaintiff's ability to walk and work full time, Dr. Day responded:

"Q. Could Mr. Ettinger walk?
"A. Could he walk? Yes.
"Q. Would you put any restrictions on his walking?
"A. Well, I wouldn't say that this man would be comfortable walking, say, five miles a day. But an ordinary office job, I mean, getting around here and there and so forth, I think he could handle it.
"Q. Could he handle also light duties?
"A. Yes. This would be a light duty, like a dispatcher.
"Q. Okay. Could he handle unrepetitive lifting or bending?
"A. Bending from the knees, yes. Bending from the waist would probably bother him.

"*Q.* Okay. Could he perform the job of a dispatcher 8 hours a day, 40 hours a week, in your opinion?

"*A.* I don't see why not."

Furthermore, plaintiff stated he had no difficulty walking on smooth surfaces and could walk a half mile distance to a nearby river. When asked on cross-examination if he could handle a desk job if he were given the opportunity to walk around, he responded, "Yes, if they won't get rid of me for not showing up some morning late" because of headaches. Dr. Brownridge, when cross-examined, conceded that in July, 1976, he thought plaintiff might be able to return to work as a dock foreman or terminal manager, but that he changed his mind after plaintiff underwent stomach surgery.

The administrative law judge, who had the opportunity to observe the witnesses firsthand and to evaluate their respective credibility, chose to believe the testimony of defendants' witnesses. The WCAB, upon reviewing the record, did likewise. Fraud is not alleged or proven. As noted earlier, findings of fact made by the WCAB are conclusive in the absence of fraud when supported by competent evidence. MCL 418.861; MSA 17.237(861); Const 1963, art 6, § 28.

The WCAB applied the correct legal standard and the testimony of Dr. Day, together with the admissions of plaintiff, support the WCAB's finding that plaintiff has not sustained the permanent and total loss of the industrial use of both legs.

Affirmed. Costs to defendants.