McMANUS v COPPER & BRASS SALES, INC

Docket No. 50379. Submitted February 4, 1982, at Detroit.—Decided
October 5, 1982.

Robert J. McManus was injured while working for Copper &
Brass Sales, Inc. Hartford Insurance Group, the workers' com-
pensation carrier for Copper & Brass Sales, Inc., voluntarily
paid workers' compensation benefits to McManus for more than
two years, after which McManus attempted to return to work.
After two weeks McManus left the job, claiming that he was
unable to do the work. A hearing referee for the Bureau of
Workers' Disability Compensation then found McManus ineligi-
ble for compensation. McManus appealed to the Workers'
Compensation Appeal Board, which reversed the decision of the
hearing referee. Copper & Brass Sales, Inc., and Hartford
Insurance Group appeal by leave granted the decision of the
appeal board. *Held:*

1. The appeal board's finding that McManus did not recover
from his stipulated work injury is supported by competent
evidence.

2. The appeal board's statement that the law in Michigan is
such that an employer is liable for benefits if an injury is
sustained by an employee while in the employ of the defendant-
employer and that injury contributes to the employee disabil-
ity, regardless of how trivial that contribution is and regardless
of the occurrence of subsequent nonwork-related activities that
contribute to the disability, is an erroneous statement of the
law and lacks clarity as support for the conclusions reached by
the board.

3. It is not possible to determine from the board's opinion
whether the present complained-of back condition is work-re-
lated to Copper & Brass Sales, Inc., or to some other subse-
quent cause. The matter is remanded to the appeal board so

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 552.
[2] 82 Am Jur 2d, Workmen's Compensation § 534.
[3] 82 Am Jur 2d, Workmen's Compensation § 333.
[4] 82 Am Jur 2d, Workmen's Compensation §§ 514-516.

that it can articulate its findings of fact, showing a reasonable relation of cause and effect between work and injury.

Remanded.

1. Workers' Compensation — Findings of Fact.

Findings of fact by the Workers' Compensation Appeal Board are conclusive, absent fraud, if there is any competent evidence in the record to support the findings of fact made by the appeal board (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. Workers' Compensation — Work-Related Injury — Findings of Fact — Burden of Proof — Appeal.

A workers' compensation claimant need establish causality between his work and an injury only by the preponderance of the evidence; the Workers' Compensation Appeal Board may conclude that a claimant has sustained the burden of proof when it is persuaded, viewing all the evidence, circumstances and reasonable inferences, that the evidence and inferences which support the claim outweigh those which oppose it, and a court may interfere with that judgment only when convinced that there is no evidence to support it (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

3. Workers' Compensation — Disability — Successive Injuries.

The rule in successive injury cases is to place full liability upon the workers' compensation insurance carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability; this is consistent with the general principle of the compensability of the aggravation of a preexisting condition.

4. Workers' Compensation — Work-Related Injury — Burden of Proof.

The claimant in a workers' compensation case must show a reasonable relation of cause and effect between work and injury; other possible or probable causes of injury do not have to be excluded beyond doubt nor does the employment have to be the sole cause; it is enough if the employment contributes to the injury.

*Ripple, Chambers & Steiner, P.C.* (by *Sanford L. Steiner),* for plaintiff.

*Dice, Sweeney, Sullivan & Feikens, P.C.* (by *John J. Hurbis),* for defendants.

Before: N. J. KAUFMAN, P.J., and M. J. KELLY and CYNAR, JJ.

CYNAR, J. Defendants appeal by leave granted on October 28, 1980, from an adverse determination by the Workers' Compensation Appeal Board (WCAB).

Plaintiff first filed his petition for hearing with the Bureau of Workers' Disability Compensation about March 8, 1971, regarding an injury to his back which allegedly occurred when plaintiff slipped while pushing an aluminum bar which weighed over 300 pounds. Defendants made voluntary payments from January 28, 1971, the date of the alleged injury, through March 8, 1973. Plaintiff returned to favored work for Copper & Brass Sales, Inc. (Copper & Brass), in March, 1973, but left after two weeks, alleging that he could not do the work. Hearings were held before the hearing referee on January 22, March 26, and May 29, 1974, and on February 20, 1975. The hearing referee issued a decision on March 17, 1976, finding plaintiff ineligible for compensation. Plaintiff appealed to the WCAB. The WCAB issued an opinion on review on January 10, 1980, which reversed the decision of the hearing referee. The WCAB issued an order pursuant to its opinion on January 10, 1980.

I

Defendants argue that the WCAB's finding that plaintiff did not recover from his stipulated work injury of January 20, 1971, was not supported by competent, substantial and material evidence. Defendants claim to have made a strong showing that plaintiff had recovered from his stipulated, work-related disability.

The exact words of the WCAB opinion are: "Finally, there was no showing that plaintiff ever recovered from his stipulated, work-related disability."

Findings of fact by the WCAB are conclusive in the absence of fraud, Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861); *Derwinski v Eureka Tire Co,* 407 Mich 469, 481-482; 286 NW2d 672 (1979), if there is any competent evidence in the record to support the findings of fact made by the appeal board. *Aquilina v General Motors Corp,* 403 Mich 206, 213; 267 NW2d 923 (1978). See, also, *Butler v Dura Corp,* 105 Mich App 508, 512; 307 NW2d 83 (1981); *Gibbs v General Motors Corp,* 114 Mich App 1, 3-4; 318 NW2d 565 (1982).

Defendants contend that the evidence shows that plaintiff had recovered from the injury he sustained at Cooper & Brass. In support of their position, defendants state that on October 6, 1971, Dr. Max Newman examined plaintiff. On that date, Dr. Newman performed an electromyographic examination. The examination showed that plaintiff presented evidence of "polyphasic unit activity of the peroneal nerve on the right", *i.e.,* the EMG was positive and therefore indicative of an injury. On March 14, 1973, Dr. Larry Blau performed another electromyogram on plaintiff. Those results were negative. Defendants also contend their position is substantiated by the testimony of Dr. Newman that patients can spontaneously recover from the condition that plaintiff suffered from, *i.e.,* probable nerve root irritation or compression syndrome at the level of L-5 neural segment on the right. Further, defendants point out that plaintiff worked after the date of the stipulated injury, first for Community News and

then at a bar that he owned and operated. These positions required some twisting, lifting and bending.

Defendants contend that the combination of the expert testimony that a patient can spontaneously recover from the type of condition that plaintiff was alleged to have, the subsequent negative electromyogram and plaintiff's subsequent work history constituted a substantial showing that plaintiff had recovered. While this evidence would not require the WCAB to find as a fact that plaintiff had recovered from his stipulated, work-related disability, it would appear to constitute some showing that he had done so.

There is, however, also evidence that plaintiff did not recover from his back injury. Plaintiff testified that he left his positions as a cab driver and as a gas station attendant because of pain. Dr. Newman testified that an EMG is only 80% accurate and does not indicate problems such as a bulging disc. Dr. Colah, a neurosurgeon, performed a laminectomy in the area of the lumbar-four and lumbar-five and found a bulging disc. An EMG by Dr. Colah had produced normal results.

It may be that defendants argue a point of semantics, *i.e.*, arguing that the WCAB's finding was erroneous because defendants had made a "showing" that plaintiff had recovered. That is simply not the test. A claimant need establish causality by a preponderance of the evidence. Whether the evidence persuades and, therefore, preponderates is a judgment confided to the WCAB with which a court may interfere only when convinced that there is no evidence to support that judgment. *Kostamo v Marquette Iron Mining Co,*

405 Mich 105, 135-136; 274 NW2d 411 (1979);
*Aquilina, supra.* The test is whether the WCAB's
finding is supported by any competent evidence. A
review of the evidence indicates the WCAB's find-
ing is so supported, despite the fact that the
WCAB might better have used an expression that
it "found" that plaintiff had not recovered as
opposed to its statement that there was "no show-
ing" of a recovery.

## II

In *Dressler v Grand Rapids Die Casting Corp,*
402 Mich 243, 253-254; 262 NW2d 629 (1978), the
Court considered an aggravation of an injury
which involved successive employers:

" ' "The Massachusetts-Michigan rule in successive-
injury cases is to place full liability upon the carrier
covering the risk at the time of the most recent injury
that bears a causal relation to the disability.

" ' "If the second injury takes the form merely of a
recurrence of the first, and if the second incident *does
not contribute even slightly* to the causation of the
disabling condition, the insurer on the risk at the time
of the original injury remains liable for the second. In
this class would fall most of the cases discussed in the
section on range of consequences in which a second
injury occurred as the direct result of the first, as when
claimant falls because of his crutches which his first
injury requires him to use. *This group also includes the
kind of case in which a man has suffered a back strain,
followed by a period of work with continuing symptoms
indicating that the original condition persists, and cul-
minating in a second period of disability precipitated by
some lift or exertion.*

" ' "On the other hand, if the second incident contrib-
utes independently to the injury, the second insurer is
solely liable, even if the injury would have been much
less severe in the absence of the prior condition, and

even if the prior injury contributed the major part to the final condition. This is consistent with the general principle of the compensability of the aggravation of a preexisting condition." 3 Larson, Workmen's Compensation Law, § 95.12, pp 508.130-508.133.' *Mullins v Dura Corp, supra,* 46 Mich App 52, 55-56; 207 NW2d 404 (1973), *lv den* 392 Mich 792 (1974). (Emphasis changed.)" (Emphasis of back example added.)

In *Dressler,* the WCAB found that plaintiff's subsequent employment with defendant aggravated his preexisting back condition and injury to the point of total disability on and after his last day of work with defendant. *Dressler,* p 254. The Court found competent evidence to support the WCAB's finding and affirmed, on the basis of this and another issue, the WCAB's award of compensation chargeable to defendant. In effect, the Court held that plaintiff's subsequent employment with defendant contributed independently to plaintiff's disability and, therefore, held defendant responsible for payments to plaintiff. In the instant case, the WCAB specifically found that "other nonwork-related events contributed to plaintiff's current disability", *i.e.,* events not related to employment with Copper & Brass. Furthermore, the record shows that the events in question occurred subsequent to the employment-related disability.

The WCAB cited no authority for its statement of the law. In *Adkins v Rives Plating Corp,* 338 Mich 265; 61 NW2d 117 (1953), plaintiff had fractured his left arm while in the employment of defendant. Later, he fractured that arm again when he was involved in an accident while riding a bicycle. The Supreme Court held that plaintiff could not recover for the second injury:

"The original injury may or may not have been a

contributing factor in that it rendered plaintiff suscepti-
ble to the second injury, but it cannot be said to be the
proximate cause of the disability resulting from the
second injury. The proximate cause of the second injury
was the riding of a bicycle by Adkins which exposed
him to the hazards entailed thereby. He certainly was
not engaged in his master's employ on the Sunday in
question; nor can we discern any accidental or fortu-
itous circumstance present upon which a causal rela-
tionship between the two injuries may be predicated.
There was nothing in the nature of Adkins' employ-
ment which required him to expose himself to such a
hazard, and common sense would have dictated that, in
his condition, he refrain from such exposure." *Adkins,*
pp 270-271.

*Adkins* refutes the WCAB's stated position on
liability in the case of successive injuries. We note
that such a case must be distinguished from one
involving a preexisting injury or weakness which
is aggravated by subsequent employment with the
employer as in *Deziel v Difco Laboratories, Inc
(After Remand),* 403 Mich 1, 10; 268 NW2d 1
(1978).

The WCAB held that the law in Michigan is
such that an employer is liable for benefits if an
injury is sustained by an employee while in the
employ of the defendant-employer and that injury
contributes to the employee disability, regardless
of how trivial that contribution is and regardless
of the occurrence of subsequent nonwork-related
activities that contribute to the disability.

The exact words of the WCAB opinion are:

"There is no question that numerous other nonwork-
related events contributed to plaintiff's current disabil-
ity. The law is such, however, that if plaintiff's work
contributed to plaintiff's present disability, then it is
compensable however trivial that contribution."

We not only find this statement of the law to be erroneous but also lacking in clarity as support for the conclusions reached.

"In a workers' compensation case, '[t]he claimant must show a reasonable relation of cause and effect between work and injury. Other possible or probable causes of injury do not have to be excluded beyond doubt'. *Kepsel v McCready & Sons,* 345 Mich 335, 343-344; 76 NW2d 30 (1956). The employment need not be the sole cause; it is enough if it contributes to the injury. See *Swanson v Oliver Iron Mining Co,* 266 Mich 121, 122; 253 NW 239 (1934)." (Footnote omitted.) *Kostamo, supra,* p 126.

We are not able from the WCAB's opinion to determine whether the present complained-of back condition is work-related to the defendant-employer, to the employment at the Community News, to work at plaintiff's bar or to some other cause. We cannot discharge our appellate responsibility unless the WCAB articulates its findings of fact, showing a reasonable relation of cause and effect between work and injury.

This matter is remanded to the WCAB for further proceedings in accordance with this opinion. We retain no jurisdiction.